978 F.2d 745
 298 U.S.App.D.C. 248
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNION PACIFIC CORPORATION, et al., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION, et al., Respondents.
 Nos. 88-1186, 89-1443, 89-1483, 91-1529 and 92-1020
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 30, 1992.
Rehearing and Rehearing En Banc
Denied Jan. 6, 1993.
 
 Before MIKVA, Chief Judge, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These petitions were considered on the record and on the briefs and oral arguments of counsel. The arguments have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this Court that the petitions for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven (7) days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The petitioner railroads seek review of orders of the Interstate Commerce Commission ("ICC" or "Commission") setting the rate of compensation that Standard Pacific ("SP") must pay Union Pacific ("UP") for the exercise of its right to use certain UP track. The Commission approved an earlier railroad consolidation involving UP subject to certain conditions designed to counteract the potentially anti-competitive effects of the merger, including a requirement that the consolidated UP railroad grant trackage rights to SP and other specified railroads in order to allow competitive alternatives for travel across the Central Corridor of the United States between St. Louis and the West. Unable to reach a private agreement, the petitioners entered into proceedings with the Commission that lasted approximately seven years and produced the five trackage rights compensation orders that are the subject of the petitions.
 
 
 5
 This Court is limited in its scope of review and may only grant the petitions for review in this case if the ICC action was arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence on the record as a whole. See Simmons v. Interstate Commerce Commission, 934 F.2d 363, 367 (D.C.Cir.1991); Cross-Sound Ferry Services v. Interstate Commerce Commission, 873 F.2d 395, 401 (D.C.Cir.1989). There is substantial evidence on the record to support the ICC's calculation of trackage compensation and interest on delayed payments. Moreover, throughout the compensation proceedings, the Commission considered vast amounts of technical evidence, reevaluating and reformulating its decisions in light of the objections of the petitioners and the production of new evidence. Although the Commission did not fully explain why the petitioners' suggested approaches were inferior to its own, the burden upon the petitioners is "not merely to put forth an acceptable alternative but rather to demonstrate clearly and convincingly a fatal flaw in the action taken." Nader v. Federal Communications Commission, 520 F.2d 182 (1975), (quoting Goodman v. Public Service Commission, 309 A.2d 97, 101 (D.C.1973)) (emphasis in original). The petitioners have failed to meet this burden and their petitions must therefore be denied.